# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> RHETT AUBREY WALKER, <br><br> Defendant. | Case No. CR-24-096-RAW |

## ORDER

On January 31, 2023, the two-month-old Victim in this case was taken to the hospital with a broken arm. When she was further examined by Dr. Michael Baxter on February 3, 2023 and February 16, 2023, several other fractures were discovered. The Defendant was later charged in this case with child abuse in Indian Country in violation of 18 U.S.C. §§ 1151 and 1153 and 21 U.S.C. § 843.5(A).

Now before the court is the Government's first motion in limine [Docket No. 43]. The Government seeks to "limit the testimony of Dr. David Chorley to include only lay testimony and exclude any testimony regarding treatment, examination, diagnosis, or prognosis of Victim." Dr. Chorley examined the Victim on March 20, 2023, and diagnosed her with "osteogenesis imperfecta, which causes spontaneous fractures due to normal motions." The Government argues that if the defense wishes to elicit expert testimony, it is required to file a disclosure pursuant to Fed. R. Crim P. 16. The Government further argues that Dr. Chorley's anticipated testimony is not relevant and may confuse or mislead the jury.

The day after the Government filed the instant motion, the Defendant filed his notice of intent to offer expert witness, Dr. David Chorley [Docket No. 47]. Therein, the defense states that it has not spoken with Dr. Chorley and does not have his records, a list of his authored publications, knowledge of whether he has ever testified in court, or a copy of his CV. The defense notes that Dr. Chorley will not speak with defense counsel. It further states that "based upon information and belief and discovery produced by the USA," the defense would elicit testimony from him regarding his knowledge, training, experience, and his examination and testing of the Victim in this case in particular. The Government filed a response to the notice arguing that it is deficient under Rule 16.

In response to the Government's motion in limine, the defense states that the Victim in this case was diagnosed by Dr. Chorley with Ehlers-Danlos Syndrome ("EDS") and osteogenesis imperfecta ("OI"), both *genetic* disorders. The defense notes that one of the symptoms of EDS is loose joints and that OI is also known as brittle bone disease. As the charges in this case arose from the discovery of the Victim's broken bones, these diagnoses are not only relevant, but highly probative. In fact, the Tenth Circuit has recognized "that an OI diagnosis may exculpate a parent accused of inflicting injuries on a child." *Ayala v. Hatch*, 530 Fed.Appx. 697, 701 (10th Cir. 2013).

The defense also disputes that testimony from a treating physician qualifies as "expert testimony" requiring disclosure under Rule 16. The defense states that Dr. Chorley is not a retained expert witness and will be testifying regarding his personal observations of the alleged Victim while providing medical treatment. The defense notes that it provided the expert notice out of an abundance of caution.

As noted by another court in this circuit, "[i]t does not appear that the Tenth Circuit has squarely addressed what matters are within the purview of a non-retained, treating physician's testimony, though it would seem that the accepted view in the district courts across the Tenth Circuit is that a witness who is disclosed as an expert under Rule 26(a)(2)(C) may testify as to matters that are incidental to his personal care and treatment." *JLG-G by Struck v. United States*, 1:18-cv-00820 SCY/JFR, 2019 WL 11585162, *3 (D.N.M. Sept. 27, 2019). There is less guidance in the criminal context.

Other courts have opined that "[a] non-retained treating physician's expert testimony must be limited to 'his observations, diagnoses and treatment of a patient,' based on 'what he saw and did and why he did it.'" *Cope v. Auto-Owners Ins. Co.*, 18-cv-0051-WJM-SKC, 2023 WL 8455203, at *7 (D. Colo. Dec. 6, 2023) (citations omitted)). *But see Montoya v. Sheldon*, 286 F.R.D. 602, 614 (D.N.M. 2012) ("A treating physician's opinions regarding diagnosis of a medical condition is almost always expert testimony, because diagnosis requires judgment based on scientific, technical, or specialized knowledge in almost every case."). "As essentially a hybrid witness, a treating physician is permitted to testify to 'fact opinions.'" *Parker v. Delta Air Lines, Inc.*, 343 F.R.D. 224, 228 (D.N.M. 2022). The scope "of such opinion testimony is circumscribed." *Id*. A treating physician is not permitted to provide expert testimony regarding any opinion he formed based on information learned outside of Plaintiff's treatment. *Id*.

Dr. Chorley's testimony in this case is likely highly probative of the Defendant's guilt or innocence. Dr. Chorley may testify as a fact witness. The court will limit his testimony to his "observations, diagnosis, and treatment of [the Victim]." *Miller v. Lastra*, No. CIV-20-907-J, 2022 WL 5245265, at *2 (W.D. Okla. Feb 4. 2022). Moreover, to the extent that Dr. Chorley's diagnosis of the Victim may be considered expert testimony, the defense has provided as much

3

of a disclosure pursuant to Rule 16(b)(1)(C) as it is able, and such disclosure would satisfy the requirements for a non-retained expert under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure. The Government's first motion in limine [Docket No. 43] is hereby DENIED.

    **IT IS SO ORDERED** this 13th day of December, 2024.

    */s/ Ronald A. White*
_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**